IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

FRANK CALDWELL,

    Plaintiff,

v.

VOXX ELECTRONIC CORPORATION; ROCKFORD CORPORATION; CHRIS' RECOVERY SHOP, LLC; CRIMESTOPPER SECURITY PRODUCTS, INC.; KEYSTONE AUTOMOTIVE INDUSTRIES, INC.; KEYSTONE AUTOMOTIVE OPERATIONS, INC.,

    Defendants,

    and

CHRIS' RECOVERY SHOP, LLC,

    Third-Party Plaintiff,

v.

COTTAGE GROVE CHEVROLET, INC.,

    Third-Party Defendant.

No. 6:20-cv-00133-MK

**ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Findings and Recommendation filed by Magistrate Judge Mustafa Kasubhai.  ECF No. 124.  Judge Kasubhai recommends

Page 1 – ORDER

that Third-Party Defendant Cottage Grove Chevrolet's Motion for Summary Judgment, ECF No. 84, be granted in part and denied in part.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Third-Party Defendant filed Objections to the F&R, ECF No. 129, and Third-Party Plaintiff Chris' Recovery Shop, LLC has filed a Response, ECF No. 132. The Court has reviewed the F&R, the Objections, Response, and the record and finds no error. The F&R, ECF No. 124, is therefore ADOPTED. Third-Party

Defendant's Motion for Summary Judgment, ECF No. 84, is GRANTED in part and DENIED in part. The Motion is granted with respect to Third-Party Plaintiff's strict product liability claim and denied as to Third Party Plaintiff's common law negligence claim.

It is so ORDERED and DATED this __9th__ day of March 2023.

                                                    /s/Ann Aiken  
                                                    ANN AIKEN  
                                                    United States District Judge