UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

FRANKLIN CALDWELL,                                       Case No. 6:20-cv-00133-MK
                                                                **OPINION AND ORDER**
                    Plaintiff,

        vs.

CHRIS' RECOVERY SHOP, LLC *et al.*,

                    Defendants.

**KASUBHAI,** United States Magistrate Judge:

        In this personal injury action arising from injuries sustained by Plaintiff Franklin

Caldwell ("Plaintiff"), Plaintiff moves to strike the expert disclosures of Samuel Shuck and Dr.

Alexsandra Zietak provided by defendant/third-party plaintiff Chris' Recovery Shop LLC and

defendant Keystone Automotive Operations, Inc. ECF No. 135. Jointly with third-party

defendant Cottage Grove Chevrolet, Inc., Chris' Recovery Shop, and Keystone Automotive

Operations (collectively, "Defendants") collectively filed a response to Plaintiff's motion. ECF

No. 142. For the reasons that follow, Plaintiff's motion is GRANTED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Absent other direction from the court, a rebuttal report shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C). Fed. R. Civ. P. 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that has not been properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Specifically, Fed. R. Civ. P. 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Two express exceptions ameliorate the harshness of Rule 37(c)(1): the information may be introduced despite a party's failure to adhere to Rule 26(a) if that failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

**DISCUSSION**

In an Order dated July 5, 2022, this Court set a deadline of December 15, 2022 for the exchange of expert witness reports, and a January 15, 2023, deadline for rebuttal expert disclosures. *See* ECF No. 120. It is undisputed that defendant/third-party plaintiff Chris' Recovery Shop LLC and defendant Keystone Automotive Operations, Inc., submitted expert disclosures for Samuel Shuck and Dr. Alexsandra Zietak on January 13, 2023, identifying Mr. Shuck and Dr. Zietak as experts. On January 19, 2023, Plaintiff filed its motion to strike defendants' expert disclosures for Mr. Shuck and Dr. Zietak, arguing that the expert disclosures provided for Mr. Shuck and Dr. Zietak failed to comply with the requirements of Fed. R. Civ. P.

26(a)(2). Plaintiff argues that Fed. R. Civ. P. 37(c)(1) therefore requires that these experts be barred from supplying evidence on a motion, at a hearing, or at trial. Plaintiff also argues that Dr. Zietak's report is not properly characterized as rebuttal testimony. For the reasons below, the Court grants Plaintiff's motion.

## I.    Expert Disclosure for Dr. Alexsandra Zietak

Plaintiff first argues that the expert disclosures provided for Dr. Zietak failed to comply with the requirements of Fed. R. Civ. P. 26(a)(2). Fed. R. Civ. P. 26(a)(2) provides, in relevant part, that a party must disclose the identity of any witness it may use at trial to present evidence, and that this disclosure must be accompanied by a written report if the witness is retained as an expert. Here, Defendants jointly submitted their rebuttal expert disclosure identifying Dr. Zietak as a rebuttal expert on January 13, 2023. In their Response to Plaintiff's motion to strike, Defendants note that they timely advised Plaintiff's counsel that, for reasons beyond their control, the submission of Dr. Zietak's report would not meet the January 15 deadline set by the court, but that it would be forthcoming. Def. Response, at 2 (ECF No. 142). Defendants subsequently submitted Dr. Zietak's report on January 19, 2023, the same day that Plaintiff filed its motion to strike. On January 26, Defendants submitted Dr. Zietak's fee schedule and testimony list for the last four years, pursuant to the requirements of Rule 26(a)(2). On this record, Defendants have met the substantive disclosure requirements of Rule 26(a)(2) but failed to meet the deadline set forth in the Court's discovery order.

Plaintiff also disputes Defendants' characterization of Dr. Zietak's report as rebuttal testimony, noting that the "list of expected topics" within the expert disclosure for Dr. Zietak "does not indicate that Dr. Zietak will be rebutting anything." Pl. Mot. Strike, ECF No. 135, at 3. Plaintiff argues that, therefore, Dr. Zietak is not a rebuttal witness and that her report should have

been provided by December 15, 2022, the Court's deadline for expert witness disclosures. Defendants argue that Dr. Zietak's report is proper rebuttal testimony because it rebuts "the presumption of Plaintiff's medical experts that Plaintiff's decubitus ulcers were caused and/or worsened by the incident at the heart of this case." ECF No. 142, at 5.

Taking Defendants' claim that Dr. Zietak's report is intended to rebut "the presumption of Plaintiff's medical experts" at face value, Dr. Zietak's report cannot properly be characterized as "rebuttal testimony" within the meaning of the Court's discovery order and schedule. Rather, Defendants' admitted intent to use Dr. Zietak's report to rebut a "presumption" about Plaintiff's decubitus ulcers renders Dr. Zietak an expert witness within the meaning of the Court's discovery order. Pursuant to that Order, which directed the parties to complete expert witness reports by December 15, 2022, Defendants were required to complete Dr. Zietak's report by the December 15, 2022 deadline. Defendants' disclosure of Dr. Zietak's report was therefore more than 30 days overdue.

The question before this court, then, is whether Rule 37 sanctions are warranted for this failure or if, alternatively, the parties' failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Fed. R. Civ. P. 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In the Ninth Circuit, "the burden is on the party facing sanctions to prove harmlessness" in response to a Rule 37 motion. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021).

Here, Defendants disclosed Dr. Zietak's report on January 19, 2023, over 30 days after the Court's deadline, with supplemental information provided 11 days later, on January 26, 2023. On

this record, it is reasonable to conclude that the delayed disclosure of Dr. Zietak's report and supplemental information caused prejudice to Plaintiff. Specifically, because Defendants failed to provide Dr. Zietak's report by the December 15 deadline for exchange of expert witness reports, Plaintiff had no opportunity to assess its own need for rebuttal testimony and, if necessary, identify and retain a rebuttal expert and exchange rebuttal expert reports by the Court's January 15 deadline. Further, Defendants have made no attempt to meet their burden to prove that their failure to produce an expert witness report for Dr. Zietak by the December 15 deadline was harmless. *Merchant*, 993 F.3d at 741. The Court therefore grants Plaintiff's motion to strike the testimony of Dr. Zietak.

## II.     Expert Disclosure for Samuel Shuck

Plaintiff argues that the expert report of Mr. Shuck is deficient with respect to the requirements of Rule 26(a) and that therefore this witness and his testimony should be excluded pursuant to Rule 37(c)(1). The defendant/third-party plaintiff Chris' Recovery Shop submitted its rebuttal expert disclosure identifying Mr. Shuck as a rebuttal expert on January 13, 2023. The disclosure identifying Mr. Shuck as an expert included only a two-page biography that was not signed by the witness, and therefore does not meet the requirements of Rule 26(a)(i)-(vi).

In their Response, Defendants argue that any sanctions based on this failure to comply with Rule 26(a) are improper because "Plaintiff has failed to articulate how he is prejudiced" by this deficient disclosure. ECF No. 142, at 4. As noted above, however, "the burden is on the party facing sanctions to prove harmlessness" in response to a Rule 37 motion. *Merchant*, 993 F.3d at 741; *see also Yeti by Molly, Ltd.*, 259 F.3d at 1106-07. The Court finds is remarkable that the record reflects Defendants have made no attempt to remedy this gross deficit to date. Because Defendants have made no attempt to show that their failure to comply with Rule 26 was

harmless, the Court finds that Rule 37 sanctions are appropriate. Plaintiff's motion to strike Mr. Shuck as an expert witness is granted.

## CONCLUSION

For the reasons above, Plaintiff's motion to strike (ECF No. 135) is GRANTED.

DATED this <u>1st</u> day of June 2023.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
